Gene D. WIGGINS, Appellant,

v.

Honorable Judge Philip HESS, Judge of the Circuit Court, Jefferson County, Missouri, et al., Appellees.

No. 75–1753.

United States Court of Appeals, Eighth Circuit.

Submitted March 2, 1976.

Decided March 11, 1976.

Gene D. Wiggins, pro se.

G. William Weier, Bryan, Cave, Mc-Pheeters & McRoberts, St. Louis, Mo., filed brief, for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This is a pro se civil rights action brought by Gene D. Wiggins, an inmate of the Missouri State Penitentiary. Wiggins filed a petition in the District Court[1] alleging that the defendants, the Honorable Philip Hess, Judge of the Circuit Court of Jefferson County, Missouri, and the Clerk of the Circuit Court of Jefferson County, Missouri, had denied him his liberty without due process of law. Wiggins sought declaratory relief and compensatory and punitive damages. The District Court dismissed the petition for failure to state a claim prior to the filing of responsive pleadings.

In support of his contention of denial of due process, Wiggins alleged the following facts: He was convicted in the Circuit Court of Washington County, Missouri, Judge Hess of the Circuit Court of Jefferson County sitting as special judge, of burglary and stealing, and was sentenced by Judge Hess to four years for burglary and two years for stealing. After Wiggins' appeal of his conviction was dismissed, Judge Hess issued an order under the seal of the Circuit Court of Jefferson County for Wiggins' arrest and commitment to serve his sentence. The Clerk of the Circuit Court of Jefferson County prepared a "committment [sic] paper"[2] which falsely stated that Wiggins had pleaded guilty to the offenses (he was convicted by jury trial) and that he was sentenced in the Circuit Court of Jefferson County.

Wiggins alleged that Judge Hess was without jurisdiction to order him arrested under the seal of the Circuit Court of Jefferson County since he was convicted in Washington County and that Judge Hess illegally sentenced him to imprisonment since the offense of which he was convicted was a misdemeanor carrying no prison sentence. Wiggins contended that these actions by Judge Hess and by the clerk in filing the false "committment [sic] paper" under seal of the Circuit Court of Jefferson County denied him his liberty without due process of law.

We affirm the dismissal of this petition for damages as to Judge Hess. The immunity of a judge from liability for damages was not abrogated by the passage of 42 U.S.C. § 1983, and this immunity applies even when the judge acts maliciously and corruptly. A judge loses his immunity only if he acts in the clear absence of jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288, 294 (1967); *Duba v. McIntyre*, 501 F.2d 590 (8th Cir. 1974). We find that the allegations of the petitioner are insufficient to state a claim that Judge Hess was acting in the clear absence of jurisdiction.

We also affirm the dismissal as to the Circuit Clerk. The petitioner does not contest that he was convicted and sentenced and that he was incarcerated pursuant to the judgment of the Circuit Court. According to Missouri law, the judgment is controlling over an order of commitment, and it is upon the basis of the judgment rather than the order of commitment that a person is held in custody. *State v. Harrison*, 276

---

1. United States District Court for the Eastern District of Missouri, Honorable H. Kenneth Wangelin.

2. Missouri Supreme Court Rule 27.13, 42 V.A. M.S., requires the clerk of the court in which judgment and sentence were pronounced to deliver a certified copy of the sentence and judgment to the sheriff of the county, who then causes the defendant to be transported to the penitentiary.

S.W.2d 222 (Mo.), *cert. denied,* 349 U.S. 948, 75 S.Ct. 877, 99 L.Ed. 1273 (1955); *Williford v. Stewart,* 355 Mo. 715, 198 S.W.2d 12 (1946). Consequently, the alleged actions by the clerk, even if proved true, did not deprive the petitioner of his liberty without due process of law. Similarly, the allegation that the clerk was without jurisdiction to prepare the order because the petitioner was convicted in Washington County rather than Jefferson County also is insufficient to support a claim of denial of due process.

Finally, we note that the petitioner seeks declaratory relief that he was unlawfully sentenced. This claim should be raised in a petition for writ of habeas corpus after the petitioner has exhausted his remedies with respect to this issue in the Missouri courts.

Affirmed.