Bulah (Oliver) HARLEY, Individually,
et al., Appellants,

v.

Thomas Edward OLIVER et
al., Appellees.

No. 75-1917.

United States Court of Appeals,
Eighth Circuit.

Submitted May 13, 1976.

Decided July 26, 1976.

Kenneth S. Jacobs, Villa Park, Ill., for appellant; George H. Hartman, New York

City, Thomas B. Taylor, Jr., Conroe, Tex., Billy E. Moore, Columbus, Ga., and Willard Crane Smith, Jr., Forth Smith, Ark., on brief.

Robert T. Dawson, Fort Smith, Ark., for appellee; J. H. Evans, Fort Smith, Ark., on brief.

Before BRIGHT and WEBSTER, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

TALBOT SMITH, Senior District Judge.

This case is now before us for the second time.[1] Motions to dismiss filed by the three defendants were granted by the District Court. 404 F.Supp. 450 (W.D.Ark.1975). We affirm.

The instant case arises out of a dispute between divorced parents over the custody of their minor son pending the performance of a surgical operation.[2] Bulah (Oliver) Harley, the boy's mother, filed the instant action on behalf of herself and as next friend for her minor son, Bobby Allen Oliver, in the District Court for the Western District of Arkansas praying for damages and injunctive relief under 42 U.S.C. § 1983.[3] Named as defendants were Arkansas Probate Judge Van B. Taylor; Thomas Edward Oliver, the father of the minor; and Jeptha A. Evans, Oliver's attorney.

Plaintiffs have abandoned their claim for injunctive relief, leaving only the six million dollar damage claim for our consideration. These damages, it is asserted, arose from the emotional distress suffered by the plaintiffs when the mother was temporarily denied custody of her minor son, pursuant to an order issued by Judge Taylor on January 9, 1975.[4]

We here consider only the § 1983 claims asserted. As to any state remedy involved, we express no opinion either as to its existence upon these facts, or its efficacy, should such remedy there be.

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Prior litigation may be found in *Harley v. Oliver*, 400 F.Supp. 105 (W.D.Ark.1975) (plaintiffs' motions for a change of venue and disqualification of the trial judge denied); *Harley v. Oliver*, No. 75–1194 (8th Cir., Sept. 24, 1975) (unpublished opinion) (denial of temporary injunction affirmed on the ground of mootness).

2. The boy's mother, a Jehovah's Witness, wanted the surgery to be done without the use of blood transfusions. The boy's father was not so opposed.

3. 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in action at law, suit in equity, or other proper proceeding for redress.

The bill of complaint relied for jurisdiction upon 28 U.S.C. § 1343(3), (4). Section 1343 provides:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

4. Plaintiffs, in their complaint, allege that Judge Taylor's order was issued without notice or prior hearing. The existence of a medical emergency, possibly requiring a blood transfusion, as justification therefor, was in dispute. In their complaint, plaintiffs state that a petition was filed on their behalf to vacate Judge Taylor's order. There was no appeal to any state court of this order. Plaintiffs, rather, sought injunctive relief in the federal district court, which, after a hearing, was denied. The court ordered the parties to reappear before the State Probate Court. On February 19, 1975, the date of the hearing held on the temporary injunction, at the suggestion of the court, the custody of the child was returned to his mother. On February 20, 1975 the State Probate Court entered a consent decree directing the father and mother to take their child to a named physician to undergo necessary surgery. Further details as to this litigation will be in the cases cited in note 1.

We first consider the facts as to movant-defendant Van B. Taylor, a judge of the 14th Chancery Circuit of Arkansas. On the matter of a judge's immunity, we held recently in *Wiggins v. Hess*, 531 F.2d 920 (8th Cir. 1976), that:

> The immunity of a judge from liability for damages was not abrogated by the passage of 42 U.S.C. § 1983, and this immunity applies even when the judge acts maliciously and corruptly. A judge loses his immunity only if he acts in the *clear absence of jurisdiction. Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Duba v. McIntyre*, 501 F.2d 590 (8th Cir. 1974). (Emphasis added.)

At 921.

■ No clear absence of jurisdiction has been shown. Judge Taylor's circuit is composed of the Counties of Logan (here involved), Perry, Scott and Yell. The Chancellor, under Arkansas law, is also the Probate Judge in each county in his circuit. Ark.Const. amend. 24, § 1. As such his jurisdiction is found in Ark.Stat.Ann. § 57–604 (1971 Repl.), which provides:

> The jurisdiction of the probate court over all matters of guardianship, other than guardianships ad litem in other courts, shall be exclusive, subject to the right of appeal.

■ A judge does not act at his peril in the exercise of his jurisdiction. Even if Judge Taylor's custody order of January 9 was in error, which we do not decide, it clearly resulted from the exercise of his statutory jurisdiction. This court has stated that:

> A judge will not lose his immunity because of a mere error in judgment even though the resultant act be in excess of

the Court's jurisdiction. *Ryan v. Scoggin* [245 F.2d 54, (10 Cir.1957)] *supra; O'Bryan v. Chandler*, 352 F.2d 987 (10th Cir. 1965) cert. den. 384 U.S. 926, 86 S.Ct. 1444, 16 L.Ed.2d 530, rehearing den. 385 U.S. 889, 87 S.Ct. 13, 17 L.Ed.2d 123. "Excess of jurisdiction" as distinguished from entire absence of jurisdiction, means that the act, although within the general power of the judge, is not authorized and therefore void, because conditions which alone authorize exercise of judicial power in the particular case are wanting and judicial power is not lawfully invoked. *Duba v. McIntyre*, 501 F.2d 590, 592 (8th Cir. 1974), *cert. denied*, 424 U.S. 975, 96 S.Ct. 1480, 47 L.Ed.2d 745 (1976).

No clear absence of all jurisdiction having been shown, the doctrine of judicial immunity is applicable, *Pierson v. Ray, supra; Duba v. McIntyre, supra*,[5] and the motion of Judge Taylor was properly granted.

■ The motions to dismiss the § 1983 action as to attorney Jeptha A. Evans and his client, Mr. Oliver, the father of the minor child, were also both properly granted. It is well settled that the action inhibited by the pleaded section, § 1983, is only such action as may fairly be said to be state action under the Fourteenth Amendment.[6]

> [P]rivate conduct abridging individual rights does no violence to the Equal Protection Clause unless to some significant extent the State in any of its manifestations has been found to have become involved in it.[7]

■ On the facts before us the requirements for a finding of state action are clearly lacking. Mr. Oliver's counsel, Mr. Evans, was acting only in the performance of his duties as counsel representing the

---

**5.** *See also Williams v. Williams*, 532 F.2d 120 (8th Cir. 1976); *Wiggins v. Hess, supra; Sebastian v. United States*, 531 F.2d 900 (8th Cir. 1976); *Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976).

**6.** *United States v. Price*, 383 U.S. 787, 794 n.7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

**7.** *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 722, 81 S.Ct. 856, 860, 6 L.Ed.2d 45 (1961).

father. Such actions are not performed under color of state law.[8]

█ As for the minor's father, Mr. Oliver, he, a private party, "was merely trying to see that his son received proper medical attention."[9] There is not a scintilla of state action as to him.

█ Plaintiffs also allege the existence of a conspiracy between all three defendants. This allegation is wholly conclusionary and plaintiffs' complaint is naked of any supporting facts. Hence plaintiffs' allegation of a conspiracy does not state a claim upon which relief can be granted.[10]

In short, since Judge Taylor was clothed with judicial immunity, and the father, Mr. Oliver and his attorney Mr. Evans were acting in purely private capacities and not under color of state law, their motions to dismiss were properly granted.

We have given careful consideration to all issues asserted by the plaintiffs herein, but in the view of the case we have taken, none merits further discussion.

Affirmed.

---

**8.** *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974); *Glasspoole v. Albertson*, 491 F.2d 1090, 1091 (8th Cir. 1974); *Barnes v. Dorsey*, 480 F.2d 1057, 1060–61 (8th Cir. 1973).

An attorney's status as an "officer of the court" does not make him an officer of the state or of a governmental subdivision thereof. He is just another private individual for the purposes of Section 1983, and a professional act by him could not be considered an act done under color of state authority.

*Kregger v. Posner*, 248 F.Supp. 804, 806 (E.D. Mich.1966) (citations omitted).

**9.** *Harley v. Oliver, supra*, 404 F.Supp. at 455.

**10.** *Means v. Wilson*, 522 F.2d 833, 840 (8th Cir. 1975), *cert. denied* 424 U.S. 958, 96 S.Ct. 1436, 47 L.Ed.2d 364 (1976) (action under 42 U.S.C. § 1985); *Guedry v. Ford*, 431 F.2d 660, 664 (5th Cir. 1970); *LaRouche v. City of New York*, 369 F.Supp. 565 (S.D.N.Y.1974).