James STAELENS and Dale Staelens, his wife, Individually, Plaintiffs,

v.

Ronald F. YAKE, M.D., L. J. Tisovec, M.D., St. Anthony Hospital, Rockford, Illinois, and Judge Michael J. Morrison, Defendants.

No. 76 C 20001.

United States District Court, N. D. Illinois, W. D.

May 6, 1977.

(Division of St. Croix at Christiansted)—Opinion filed March 22, 1977.

Kenneth S. Jacobs and Maureen C. Strauts, Jacobs & Leston, Villa Park, Ill., Geo. H. Hartman, New York City, Billy E. Moore, Columbus, Ga., for plaintiffs.

William C. Jackson, Harold L. Turner, Rockford, Ill., for Dr. Yake.

Maynard & Brassfield, Eugene Brassfield, Rockford, Ill., for St. Anthony Hospital.

John R. Kinley and Edward Telling, Williams, McCarthy, Kinley, Rudy & Picha, Rockford, Ill., for Dr. Tisovec.

Herbert Lee Caplan, Asst. Atty. Gen. of Ill., Chicago, Ill., Don M. Mateer and Gilbert, Powers & Mateer, Bruce C. Erickson, Rockford, Ill., for Drs. Yake and Tisovec.

## MEMORANDUM OPINION

GRADY, District Judge.

Defendants Yake, Tisovec, Morrison and St. Anthony Hospital of Rockford have all filed motions to dismiss the complaint in this action. The Magistrate has recommended that the motions be denied as to all defendants except St. Anthony Hospital. We decline to follow the Magistrate's recommendation. The motions are granted as to all defendants as the complaint fails to state a claim under 42 U.S.C. § 1983, and this court accordingly lacks jurisdiction pursuant to 28 U.S.C. § 1343.

■ Plaintiffs brought this action pursuant to 42 U.S.C. § 1983,[1] claiming that the defendants deprived them of their constitutional rights by conspiring to obtain a court order removing their son, Ronald Staelens, from their custody and appointing a guardian to consent to medical treatment and to the administration of blood transfusions to the child. Plaintiffs claim the entry of the court order violated their constitutional rights by denying them religious freedom, depriving them of procedural and substantive due process, and denying them an alleged "personal and parental right to select and undergo medical treatment of their choice."

Apparently aware of the jurisdictional prerequisite that defendants must have acted "under color of state law" to be subject to liability under § 1983, plaintiffs allege that defendants Yake and Tisovec acted in concert with Judge Morrison, an officer of the state, and St. Anthony Hospital, a private hospital subject to state licensing and regulation. Neither theory will support a claim against these defendants.

### I. Judicial Immunity
#### Judge Michael R. Morrison

■ In issuing the order for the custody of Ronald Staelens, Judge Morrison was acting within his judicial jurisdiction. The

---

1. Plaintiffs also claim jurisdiction under 18 U.S.C. § 245(b)(2)(B), (F). This provision does not confer substantive rights; it is a criminal statute providing for federal prosecution for interference with federally protected activities. *People of the State of New York v. Horelick,* 424 F.2d 697, 702 (2d Cir. 1970). Thus far § 245 has not been read to imply a private right of action. Cf. *Illinois Migrant Council v. Campbell Soup Co.,* 519 F.2d 391 (7th Cir. 1975).

immunity of judges for acts within their judicial discretion is well established; this rule was not abolished by the enactment of 42 U.S.C. § 1983. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Dieu v. Norton,* 411 F.2d 761, 763 (7th Cir. 1969). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Pierson v. Ray,* 386 U.S. at 554, 87 S.Ct. at 1218 (1967).

■ Judicial immunity protects a judge whenever jurisdiction is present, even though the judge acts in excess of that jurisdiction. Immunity is lost only when the judge acts in "clear absence of all jurisdiction." *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1871); *Sparkman v. McFarlin,* 552 F.2d 172 (7th Cir. 1977). In order to hold Judge Morrison liable for damages, we would have to find that there is no statutory or common law authority under Illinois law to support the issuance of his order. We find a clear basis for jurisdiction under the following statutes: Juvenile Court Act, Ill.Rev.Stat. ch. 37, §§ 701–1 et seq.; Abused and Neglected Child Reporting Act, Ill.Rev.Stat. ch. 23, §§ 2051 et seq.; and the Offenses Involving Children Act, Ill.Rev.Stat. ch. 23, §§ 2351 et seq. These statutory provisions provide for the court-ordered custody of neglected children and the authorization of emergency medical treatment. Further, in *People v. Labrenz,* 411 Ill. 618, 104 N.E.2d 769 (1952), the Illinois Supreme Court held:

> [A] child whose parents refuse to permit a blood transfusion, when lack of a transfusion means that the child will almost certainly die or at best will be mentally impaired for life, is a neglected child. . . . [I]t is of no consequence that the parents have not failed in their duty in other respects. We entertain no doubt that this child, whose parents were deliberately depriving it of life or subjecting it

to permanent mental impairment, was a neglected child within the meaning of the statute. The circuit court did not lack jurisdiction.

In light of this authority, it cannot be said that Judge Morrison was acting in the "clear absence of all jurisdiction" when he issued his order. It is apparent that Judge Morrison was acting within the scope of his judicial jurisdiction; consequently, he is immune from liability for damages for acts committed within that jurisdiction. *Pierson v. Ray, supra.*

On facts very similar to the case at bar, the Eighth Circuit recently held a probate judge immune from liability for damages for the issuance of a custody order arising out of a dispute between divorced parents concerning an operation on their minor son. The court temporarily denied the mother custody so as to allow the father to consent to the necessary medical treatment, including blood transfusions. *Harley v. Oliver,* 539 F.2d 1143 (8th Cir. 1976). The Eighth Circuit found a general jurisdictional statute, granting the probate court jurisdiction over all matters of guardianship, sufficient to support the order, commenting:

> A judge does not act at his peril in the exercise of his jurisdiction. Even if Judge Taylor's custody order of January 9 was in error, which we do not decide, it clearly resulted from the exercise of his statutory jurisdiction. *Id.* at 1145.

Judge Morrison acted pursuant to a far more extensive statutory and common law background. Thus, the doctrine of judicial immunity is applicable. *Pierson v. Ray, supra.*

The action is dismissed as against Judge Michael R. Morrison for failure to state a cause of action.

## II. Private Defendants
### St. Anthony Hospital of Rockford

■ In order for St. Anthony Hospital, a private institution, to be liable under § 1983, it must be shown that the hospital was acting under color of state law. The private institution must be either clothed with the authority of the state, or willfully

participate in joint activity with the state or its agents. *Sykes v. State of California (Dept. of Motor Vehicles)*, 497 F.2d 197, 200 (9th Cir. 1974).

■ Plaintiffs allege that the state financing and regulation of St. Anthony Hospital transform that private institution into a state agent. The case of *Doe v. Bellin Memorial Hospital*, 479 F.2d 756 (7th Cir. 1973) is dispositive of this issue in this circuit. The Seventh Circuit there held:

The facts that defendants have accepted financial support, as alleged, from both the federal and state governments, and that the hospital is subject to detailed regulation by the State, do not justify the conclusion that its conduct, which is unaffected by such support or such regulation, is governed by § 1983. *Id.* at 761.

This view accords with that of other circuits. *See Taylor v. St. Vincent's Hospital*, 523 F.2d 75 (9th Cir. 1975), *cert. denied*, 424 U.S. 948, 96 S.Ct. 1420, 47 L.Ed.2d 355 (1976); *Greco v. Orange Memorial Hospital Corp.*, 513 F.2d 873 (5th Cir.), *cert. denied*, 423 U.S. 1000, 96 S.Ct. 433, 46 L.Ed.2d 376 (1975); *Ward v. St. Anthony Hospital*, 476 F.2d 671 (10th Cir. 1973); and *Briscoe v. Bock*, 540 F.2d 392 (8th Cir. 1976). *See also Doyle v. Unicare Health Services, Inc.*, 399 F.Supp. 69, 73 (N.D.Ill.1975). *Cf. Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). *Contra, Simkins v. Moses H. Cone Memorial Hospital*, 323 F.2d 959 (4th Cir. 1963), *cert. denied*, 376 U.S. 938, 84 S.Ct. 793, 11 L.Ed.2d 659 (1964).

■ Since St. Anthony's itself is not clothed with state authority, it could only be liable under § 1983 for acting in concert with the state or its agents. Plaintiffs' allegations of conspiracy with Judge Morrison will not suffice. "[I]t has been frequently stated that allegations of conspiracy between private persons and public officials who are themselves immune from

liability under the facts alleged are insufficient to establish liability of the private persons under color of state law for purposes of the Civil Rights Act." *Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir. 1975).[2] *See also Sykes v. State of California (Dept. of Motor Vehicles)*, 497 F.2d 197, 202 (9th Cir. 1974); *Hill v. McClellan*, 490 F.2d 859, 860 (5th Cir. 1974); *Kurz v. State of Michigan*, 548 F.2d 172, 175 (6th Cir. 1977).

■ Having failed to show that St. Anthony Hospital of Rockford was acting under color of state law, plaintiffs' complaint must be dismissed under § 1983 for failure to state a cause of action under that statute. Moreover, we find that St. Anthony Hospital is not a "person" within the meaning of the Civil Rights Act, and thus cannot be made a party-defendant under § 1983. *Brown v. Farview State Hospital*, 386 F.Supp. 607 (E.D.Pa.1974). *Cf. Edelberg v. Illinois Racing Bd.*, 540 F.2d 279, 281 (7th Cir. 1976).

*Drs. Yake and Tisovec*

■ Defendants Yake and Tisovec, private persons, cannot be held liable under § 1983 unless they are acting under color of state law. Since St. Anthony Hospital is not a state agent, any actions taken in connection with the hospital will not support a finding of state action by the private defendants. The only state official in this action is Judge Morrison; and, as indicated above, an allegation of conspiracy between private persons and an immune public official is insufficient to meet the color of state law requirement of § 1983.

Accordingly, the motions of defendants Yake and Tisovec to dismiss this action are granted as plaintiffs have failed to show these private defendants acted under color of state law.

---

**2.** We are aware of the Seventh Circuit's opinion in *Grow v. Fisher*, 523 F.2d 875, 878 (7th Cir. 1975), which questioned the rationale behind "a rule which would appear to carry over governmental immunity to private individuals." Nonetheless, the Seventh Circuit has not reversed its decision in *Hansen v. Ahlgrimm* and we are accordingly bound by it.

### III. No Deprivation of Constitutional Rights

Moreover, the complaint fails to meet the second jurisdictional requirement of § 1983—that of showing the defendants deprived plaintiffs "of any rights, privileges, or immunities secured by the Constitution." The complaint on its face does not state a cause of action for deprivation of constitutional rights under § 1983. Plaintiffs claim they were denied religious freedom, procedural and substantive due process, and the "personal and parental right to select and undergo medical treatment of their choice."

It has long been decided by the United States Supreme Court that while "the custody, care and nurture of the child reside first in the parents, . . . the family itself is not beyond regulation in the public interest, as against a claim of religious liberty." *Prince v. Massachusetts,* 321 U.S. 158, 166, 64 S.Ct. 438, 442, 88 L.Ed. 645 (1943). "The right to practice religion freely does not include liberty to expose . . . the child . . . to ill health or death." *Id.* at 166–67, 64 S.Ct. at 442. "Parents may be free to become martyrs themselves. But it does not follow they are free, in identical circumstances, to make martyrs of their children before they have reached the age of full and legal discretion when they can make that choice for themselves." *Id.* at 170, 64 S.Ct. at 444. *Jehovah's Witnesses of Washington v. King County Hospital,* 278 F.Supp. 488 (D.C.Wash.1967), aff'd. 390 U.S. 598, 88 S.Ct. 1260, 20 L.Ed.2d 158 (1967); *People v. Labrenz,* 411 Ill. 618, 104 N.E.2d 769 (1952), *cert. denied,* 344 U.S. 824, 73 S.Ct. 24, 97 L.Ed. 642. *See also Wisconsin v. Yoder,* 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); Annot., 52 A.L.R.3d 1118 (1973); Annot., 30 A.L.R.2d 1134 (1953). This authority also disposes of plaintiffs' alleged parental right to select the medical treatment of their choice for their child. *See also* the district court opinion in *Harley v. Oliver,* 404 F.Supp. 450, 456–67 (W.D. Ark.1975).

As for plaintiffs' allegations that they were deprived of due process by the issuance of a custody order without notice or hearing, it is obvious that the order was issued under circumstances of the utmost exigency. According to the motions to dismiss, the child's health was in imminent danger, and in fact, he died soon after the issuance of the order. Under such extraordinary circumstances, summary procedure may meet the requirements of due process. *Cf. Sniadach v. Family Finance Corp. of Bay View,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). The fact the case was heard by an impartial judge was sufficient to meet the requirements of due process in this case. The allegations of the complaint that the judge acted "maliciously" and pursuant to a "conspiracy" are conclusory only. No facts are alleged to support these allegations.[3]

### IV. Conclusion

This court does not have jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) "unless a person is deprived of Constitutional or statutory rights, privileges, or immunities." *Kamsler v. M. F. I. Corporation,* 359 F.2d 752, 754 (7th Cir. 1966). Having found that plaintiffs' complaint fails to state a cause of action under § 1983 in that it does not show that defendants acted under color of state law to deprive them of any constitutional rights, we dismiss the complaint against defendants Michael R. Morrison, Ronald F. Yake, L. J. Tisovec and St. Anthony Hospital of Rockford for lack of subject matter jurisdiction.

---

**3.** It should be noted that there was no actual change in the physical custody of the child as a result of the order. At all times mentioned in the complaint, the child was in St. Anthony Hospital.