Joseph ORLANDO, Angelo Bennetti, Mark Cuneen and Patricia Gonzalez, Plaintiffs,

v.

Lydia WIZEL, Peter Bennetti, Mrs. Peter Bennetti, Joseph Orlando, Mrs. Joseph Orlando, William Cuneen, Mrs. William Cuneen, Rick Jackson, Van B. Taylor, Wilson Wallis, Jack Rose, Phillip K. Kinsey, Jan R. Cromwell, John G. Clark and Frederic Crafts, Defendants.

No. 77–2091.

United States District Court, W. D. Arkansas, Fort Smith Division.

Jan. 5, 1978.

---

Sam Sexton, Jr., Fort Smith, Ark., for plaintiffs.

Garner & Cloar, Fort Smith, Ark., for defendants, Wizel, Bennetti, Orlando, Cuneen and Jackson.

J. H. Evans and C. Wayne Harris, Fort Smith, Ark., for defendants Jack Rose, Phillip Kinsey and Jan R. Cromwell.

Hardin, Jesson & Dawson, Fort Smith, Ark., for defendant Van B. Taylor.

B. J. McCoy, Asst. Atty. Gen., Little Rock, Ark., for defendant Wilson Wallace.

## MEMORANDUM OPINION

PAUL X WILLIAMS, Chief Judge.

This is a 42 U.S.C. § 1983 action now before the Court on defendants' motions to dismiss. The plaintiffs are adults who live in Alma, Arkansas and are associated with the Alamo Christian Foundation. The Defendants Wizel, Bennetti, Orlando and Cuneen are the parents of the four Plaintiffs. Rick Jackson is a professional "de-programmer," Hon. Van Taylor is the Chancery and Probate Judge of the Fourteenth Chancery District of Arkansas, Wilson Wallis is a lieutenant with the Arkansas State Police.

The defendants Rose, Kinsey and Cromwell are the attorneys who represented the parents in guardianship proceedings in Crawford County, Arkansas, Probate Court. The defendants Clark and Crafts are alleged to be psychiatrists in Massachusetts.

The dispute between the parties arose when the parents obtained *ex parte* orders from Judge Van Taylor, appointing them temporary guardians of their children, the plaintiffs; directing the state police to assist each parent in taking custody of the plaintiffs; and directing the Probate Clerk of Crawford County to temporarily seal the records of each guardianship case.

From the pleadings on file and the evidence introduced at a hearing concerning the issuance of preliminary injunction, the facts most favorable to the plaintiffs can be summarized as follows: Around June 10, 1977, the defendants, parents, Wizel, Bennetti, Orlando and Cuneen came to northwestern Arkansas. They attempted to visit their adult children who were living and working at the Alamo Christian Foundation in Alma, Arkansas, but their attempts were not satisfactory to them. The parents had previously employed or then agreed to employ the defendant, Rick Jackson, who holds himself out as having expertise in convincing members to abandon religious cults, i.e. "a professional de-programmer." The parents contacted Rick Jackson and he agreed to help the parents convince their adult children to leave the Alamo Foundation. The parents also contacted the Fort Smith law firm of Rose, Kinsey and Cromwell for help in obtaining legal custody of their children.

Ms. Jan Cromwell of the law firm approached both Judges serving Crawford County and found that Judge Kizer was leaving for vacation and that Judge Kimbrough declined to hear the matter. Ms. Cromwell then contacted Judge Taylor who agreed to hear the cases in Crawford County. Judge Kimbrough and Kizer agreed to the exchange. Under the Exchange of Circuit Agreement Judge Taylor was empowered as a Chancery and Probate Judge for Sebastian and Crawford Counties, Arkansas.

A copy of the exchange agreement is hereto attached as Exhibit A.

On June 17, 1977, Judge Taylor heard several matters in open court. Near 5:00 o'clock p.m., the deputy clerk normally in attendance was allowed to leave the courtroom. Four petitions for "Appointment of Temporary Guardianship" were presented to Judge Taylor sitting and acting as Probate Judge of the Probate Court of Crawford County. Each petition was accompanied by affidavits of· two Massachusetts psychiatrists who had never personally examined the proposed wards.

Judge Taylor noted on all petitions "Filed 6–17–77 Van· B. Taylor" and executed orders appointing a parent the temporary guardian of his adult child, directing the Arkansas State police to assist the temporary guardian to gain custody of his or her ward and then directing the Clerk to temporarily seal the record.

A copy of the sealing order in the Bennetti case is hereto attached as Appendix "B". It is typical of the sealing order in each case.

After the orders were executed, the order directed to the state police was delivered to the state police. The state police drove to the Alamo Restaurant in Alma, Arkansas, took custody of the four plaintiffs and transported them to the state police headquarters in Fort Smith. The parents and Rick Jackson were waiting there to take the plaintiffs back to their parents' homes outside the State of Arkansas.

The parents' plans were never consummated. Tony and Susan Alamo and their attorney were at the police headquarters when the plaintiffs arrived. In the ensuing hub-bub the plaintiffs managed to "escape", apparently with other members of the Foundation.

This suit was initiated on Monday, June 20, 1977. Plaintiffs' petition for the issuance of a preliminary injunction was heard on June 21, 1977. The Court found the plaintiffs to technically be in the custody of Lieutenant Wilson Wallis, ordered

that the plaintiffs execute a bond on which Tony and Susan Alamo appear as sureties and released the plaintiffs from Lieutenant Wallis's custody. These orders and measures assured that the plaintiffs would remain subject to the jurisdiction of the Crawford County Probate Court and also prevent the parents from taking physical control of the plaintiffs until a more complete hearing concerning each plaintiffs' capacity could be held.

The plaintiffs immediately appealed the order of Judge Taylor to the Arkansas Supreme Court and the Arkansas Supreme Court stayed Judge Taylor's orders but took the questions presented under advisement and has not yet rendered a decision.

A copy of the stay order is hereto attached as Appendix "C" and made a part hereof.

With the exception of the two psychiatrists, all defendants have moved to dismiss the action; we will discuss each motion separately.

## PARENTS AND RICK JACKSON

Lydia Wizel, Peter Bennetti, Mrs. Peter Bennetti, Joseph Orlando, Mrs. Joseph Orlando, William Cuneen, Mrs. William Cuneen (parents) and Rick Jackson ("professional de-programmer") have moved to dismiss the action for lack of subject matter jurisdiction. Plaintiffs, by amendment, pleaded 28 U.S.C. § 1343 as a basis for subject matter jurisdiction.

■ It is well established that 42 U.S.C. 1983 does not contain an independent grant of jurisdiction but that 28 U.S.C. § 1343(3) grants jurisdiction over all § 1983 claims. *Examining Board v. Flores de Otero*, 426 U.S. 572, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1975).

28 U.S.C. § 1343 provides in part as follows:

The district court shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege of immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

■ The parents and Rick Jackson contend that this court lacks subject matter jurisdiction because their activities do not constitute actions "under color of State law."

There is no contention that the parents and Rick Jackson "conspired" with the State Police or Judge Taylor; it is only alleged that the parents presented their case to Judge Taylor in his judicial capacity and that the police merely carried out his court order. The state merely provided a forum for the parents to present their case and a means of enforcing court orders.

■ A state, merely by providing a forum and a means of enforcing regularly issued court orders, does not "color" the action of the private litigants with state action. *Gras v. Stevens*, 415 F.Supp. 1148 (S.D. N.Y.1976); *Stevens v. Frick*, 372 F.2d 378 (2nd Cir. 1967); *Harley v. Oliver*, 404 F.Supp. 450 (W.D. Ark.1975), aff'd 539 F.2d 1143 (1976); *Mullarkey v. Borglum*, 323 F.Supp. 1218 (S.D. N.Y.1970); *Hohensee v. Dailey*, 383 F.Supp. 6 (M.D. Pa.1974).

The complaint against the parents and Rick Jackson must be dismissed for lack of state action sufficient to support jurisdiction under 28 U.S.C. § 1343(3).

## CHANCELLOR AND PROBATE JUDGE

Judge Van B. Taylor moves for a dismissal of the complaint against him on the ground that he is immune from suit for money damages and that this Court should decline to issue injunctive relief against him.

■ It is well established that a judge acting within his jurisdiction, is immune from suit for money damages. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Harley v. Oliver*, 539 F.2d 1143 (8th Cir. 1976).

■ The question of immunity does not turn upon fine questions of jurisdiction. *Duba v. McIntyre*, 501 F.2d 590 (8th Cir. 1974); *Wiggins v. Hess*, 531 F.2d 920 (8th Cir. 1976).

Plaintiffs contend that Judge Taylor was acting outside his jurisdiction in issuing the three orders because he was not a Probate Judge elected to serve Crawford County and because the petitions on which he acted had not been filed with the Clerk of the Court at the time the orders were entered.

The Court both took and now takes judicial notice that Judge Taylor is the duly elected Chancellor and Probate Judge of the Fourteenth Chancery District of Arkansas. Plaintiffs objected to the Court's taking such notice.

Fed.R.Ev. Rule 201 provides in part as follows:

(b) Kinds of facts.—A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(c) When discretionary.—A court may take judicial notice, whether requested or not.

(d) When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.

In Federal Rules of Evidence Manual 2d. Ed., Professors Saltzburg and Redden commented upon rule 201 as follows:

The traditional ground for judicial notice is that a fact is so well known that it would be a waste of judicial resources to require proof; reasonable men simply could not differ as to the fact. . . . judicial notice has been invoked more frequently with respect to a related, but distinct, branch of facts involving facts that are capable of ready and virtually unquestionable determination. The new Federal Rule is well within the mainstream of traditional thinking. To be judicially noticed a fact must be either one generally known within the territori-

al jurisdiction of the Trial Court or one that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

■ In *Wells v. Hand*, 238 F.Supp. 779 (M.D. Ga.1965), the Court took judicial notice that one named defendant was no longer a justice of the peace because he had died. In *Wyatt v. State*, 257 Ala. 90, 57 So.2d 366 (1952), the Court judicially noticed that a certain person was the duly elected probate judge. We therefore conclude that it was within the traditional rules, as well as within Evidence Rule 201, to take judicial notice of the fact that Hon. Van Taylor was the elected Chancery and Probate Judge of the Fourteenth Chancery District of Arkansas.

■ At the hearing concerning a preliminary injunction, the records of the Crawford County Probate proceedings were introduced into evidence. Contained in each record are letters from Judges Kizer and Kimbrough recognizing that Judge Taylor would sit "on exchange" in Crawford County, as well as a signed exchange agreement. (See Appendix "A") Though the judicial exchange procedures in Arkansas are informal, they were complied with and were adequate to vest Judge Taylor with the same authority to hear Crawford County Chancery and Probate matters as he enjoys within the Fourteenth Chancery District.

■ Ark.Stat.Ann. § 57–620 provides for the temporary appointment of a guardian "with or without notice." As to such petitions for temporary guardianship, there is no defendant on whom a summons must be issued by the Clerk of the court. Therefore the Arkansas cases on which plaintiffs rely and which hold that no action is commenced until a summons is caused to be issued are inapposite to the case at bar.

Plaintiffs also contend that Judge Taylor was acting in the clear absence of jurisdiction because the petitions had not been filed with the Clerk of the Court, but were simply marked "Filed 7–17–77 Van B. Taylor." in open court by Judge Taylor. Plaintiffs

750

rely on Ark.Stat.Ann. § 27–301 which provides that "a civil action is commenced by filing in the office of the clerk of the proper court a complaint . . . ." Plaintiffs contend that the filing of the petition with the judge in open court failed to vest the court with jurisdiction to hear the matter.

■ Ark.Stat.Ann. § 27–301, by its own terms is limited to civil actions. Arkansas recognizes a distinction between civil and special actions. Ark.Stat.Ann. § 27–105. Guardianship proceedings are special actions (*Nelson v. Cowling*, 89 Ark. 334, 116 S.W. 890 (1909)) and would therefore fall outside Ark.Stat.Ann. § 27–301.

■ Ark.Stat.Ann. § 62–2008 provides as follows:

General powers of Clerk.—The probate clerk shall be the custodian of all probate records and documents and shall have the power either in person or by deputy to take acknowledgements, administer oaths, issue notices and process, certify copies of instruments, documents, and records of the court, perform the usual functions of his office and such other functions as may be authorized by law. All original papers, when filed, shall be retained in the custody of the clerk except when otherwise ordered by a court of competent jurisdiction.

Since this statute does not expressly address the question of "filing", this Court finds that the traditional rules concerning the filing of documents prevails to authorize a judge, while in open court, to receive the petition. His receipt constitutes the "filing". We limit this conclusion to the facts in the instant case.

■ Since Judge Taylor was not acting in the clear absence of jurisdiction, the suit for money damages against him must be dismissed.

The defendant, Judge Taylor, has also moved this Court to dismiss plaintiffs' petition for injunctive relief directed against him.

■ 28 U.S.C. § 2283 prohibits a United States Court from enjoining state proceedings except as "expressly authorized by [statute] or where necessary in aid of its jurisdiction." This statute has no applicability to the case at bar because 42 U.S.C. § 1983 is an express statutory exception to its application. *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

■ Although the injunction is not prohibited by 28 U.S.C. § 2283, this Court declines to issue such and finds that the petition for injunctive relief against Judge Taylor should be dismissed.

The orders which appointed temporary guardianships for the plaintiffs are now pending before the Arkansas Supreme Court. The plaintiffs are not attacking the constitutionality of the statutes which provide for appointment of temporary guardians, but are seeking to have Judge Taylor's orders vacated because of failure to follow the statutory procedures and requirements. The Arkansas Supreme Court has stayed Judge Taylor's orders. (See Appendix "C".) The petition for an injunction directed to Judge Taylor's temporary orders has therefore become moot. It is almost inconceivable to think that the Arkansas Supreme Court would rescind its stay order and reinstate Judge Taylor's temporary orders in light of the record, of the limited nature of the temporary guardianship proceedings and the ease with which a hearing and opportunity to be heard could be afforded the plaintiffs on the issues of their capacity.

We also dismiss plaintiffs' petition for injunctive relief on the principles of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) based on considerations of equity, comity and federalism.

*Younger*, of course, recognized that there were exceptional circumstances which would warrant a federal injunction, such as when the state court proceedings threatened immediate and considerable irreparable injury or while the state law is flagrantly and patently violative of express constitutional provisions. In light of the stay order of the Arkansas Supreme Court we do not find such exceptional circumstances to exist in the case at bar. See *Trainor v. Hernandez*, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (decided May 31, 1977).

The complaint against Judge Taylor should therefore be dismissed in its entirety.

## LIEUTENANT WILSON WALLIS

■ Lieutenant Wilson Wallis is the officer of the Arkansas State Police who took custody of the plaintiffs pursuant to Judge Taylor's order. At the hearing on plaintiffs' petition for a preliminary injunction, this Court found that the plaintiffs were technically in Lieutenant Wallis's custody. At the time of the hearing, emotions were very high. This Court held the plaintiffs to be in Lieutenant Wallis's custody largely to prevent the parents from physically removing the plaintiffs from Arkansas. A bond on which the Alamos were sureties was required largely to prevent the Alamos from removing the plaintiffs from Arkansas. The Arkansas Supreme Court has now stayed the effect of Judge Taylor's order and Lieutenant Wallis no longer has technical custody of the plaintiffs. The complaint against him only sought injunctive relief and therefore has been rendered moot. Plaintiffs admit that they intentionally omitted a claim for money damages against Lieutenant Wallis because they were convinced that he acted in good faith.

The complaint against Lieutenant Wallis should be dismissed.

## THE ATTORNEYS

■ Hon. Jack Rose, Hon. Philip Kinsey and Hon. Jan Rose Cromwell have moved this Court to dismiss the action as to them, contending that none of the acts complained of were done under color of state law. Their motions should be granted, as counsel "acting only in the performance of his duties as counsel representing [private parties]," is not acting under color of state law. *Harley v. Oliver*, 539 F.2d 1143, 1145–1146 (8th Cir. 1976).

## THE PSYCHIATRISTS

■ Drs. John G. Clark and Frederic Crafts are alleged to be psychiatrists practicing in Boston, Massachusetts who executed affidavits attesting to each plaintiff's incapacity. The psychiatrists have not answered or otherwise pleaded. This Court finds that their actions, as alleged in plaintiffs complaint, were not performed under color of state law. The complaint against them should be dismissed on the counts mentioned because jurisdiction does not appear.

This Court is reluctant to grant summary judgment because of the strict guidelines which apply to such motions under Rule 56 Fed.R.Civ.P. and we are aware of the language used by Circuit Judge Van Oosterhout in the case of *Unlaub Company Inc. v. Sexton*, 568 F.2d 72 (8th Cir. 1977) as follows:

> Under Rule 56(c), Fed.R.Civ.P., summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." As we have often recognized, it is an extreme remedy which is not to be granted unless the movant has established his right to judgment with such clarity as to leave no room for controversy and that the other party is not entitled to judgment under any circumstances; the court must view the facts most favorably to the party opposing the motion and give that party the benefit of any reasonable inferences to be drawn from the facts. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977).

But under these strict guidelines we find on the basis of undisputed facts that plaintiffs' complaint should be summarily dismissed.

In dismissing the complaint we merely hold that plaintiffs have alleged jurisdiction under 28 U.S.C. 1343(c) attempting a civil right action and that under the undisputed facts in this case, plaintiffs' complaint should be dismissed.

The Clerk will prepare an order in accord with this opinion.

Appendices to follow.

### APPENDIX A

#### AGREEMENT ON EXCHANGE OF CIRCUITS

It is hereby agreed by and between the Honorable Warren O. Kimbrough, Chancellor and Probate Judge of the Tenth Chancery Circuit of the State of Arkansas, and the Honorable Van Taylor, Chancery Judge of the Fourteenth Chancery Circuit in and for the State of Arkansas, that they will, and they do, hereby exchange circuits for the purpose of hearing any and all cases in both Chancery and Probate Courts in their respective circuits from and after the 22nd day of January, 1973, and for such times as might be for the best interest of their respective circuits.

WITNESS our hands this the 22nd day of January, 1973.

/s/ Warren O. Kimbrough  
WARREN O. KIMBROUGH  
Chancellor and Probate Judge  
Tenth Circuit

/s/ Van B. Taylor  
VAN B. TAYLOR  
Chancery Judge  
Fourteenth Chancery Circuit

### APPENDIX B

#### IN THE PROBATE COURT OF CRAWFORD COUNTY, ARKANSAS

IN THE MATTER OF THE GUARDIANSHIP OF THE  
PERSON OF ANGELO BENETTI, proposed Ward      No.   P–77–58

#### ORDER DIRECTING THE COURT CLERK TO TEMPORARILY SEAL RECORD OF INSTANT CASE

Upon reading the verified Petition of Mrs. Peter Bennetti, the temporary guardian of the person and good cause existing:

NOW THEREFORE, IT IS IN THE INTEREST OF JUSTICE AND WELFARE OF THE WARD HERE INVOLVED, and based upon the inherent powers of the Court, it is hereby declared that the Clerk of the Court is hereby directed to seal each and every aspect of record here involved in such a matter that the names of the ward and guardian may not be detected until further directed by the Court.

/s/ Van B. Taylor  
VAN B. TAYLOR  
Chancellor

### APPENDIX C

**BE IT REMEMBERED,** That at a term of the Supreme Court of the State of Arkansas, begun and held at the Court Room in the City of Little Rock, on the __4th__ day, being the first Monday of October, A. D. 1976, amongst others were the following proceedings, to-wit:

On the __27th__ day of _____ June _____, A. D. 1977, a day of said term _____

| | |
|---|---|
| Joseph Orlando, Angelo Bennetti, Arlene Patricia Brown Thorpe Gonzalez and Mark Cuneen ~~APPELLANTS~~ <br> Petitioners <br> No. 77–177 vs. <br> Hon. Van B. Taylor, Chancery and Probate Judge <br> ~~APPELLEE~~ <br> Respondents | Appeal from ____ Crawford ____ <br> ____ Probate _____ Court <br> _____ District |

Cases consolidated No. PR77–58, PR77–59, PR77–60 and PR77–61.  Petition for temporary stay of order for appointment of Guardians dated June 17, 1977, granted without prejudice to further proceedings in the trial court or this court.  Harris, C. J., Roy and Hickman, JJ., concur, but consider the orders of June 17th void.  George Rose Smith, J., would deny the stay because the testimony upon which the trial court acted is not before this Court.

**IN TESTIMONY,** That the above is a true copy of the ___order___ of said Supreme Court, rendered in the case therein stated, I, JIMMY H. HAWKINS, Clerk of said Supreme Court, hereunto set my hand and affix the Seal of said Supreme Court, at my office in the city of Little Rock, this ___27th___ day of _____June_____, A.D. 19__77__.

/s/ Jimmy H. Hawkins
CLERK

By _____
D. C.