Douglas THOMPSON, Plaintiff,

v.

Anthony HECKEMEYER, Defendant.

No. S 86–88 C.

United States District Court,
E.D. Missouri,
Southeastern Division.

Sept. 25, 1986.

Douglas Thompson, pro se.

Rosalyn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

### ORDER

LIMBAUGH, District Judge.

This cause is before the Court on defendant's motion to dismiss. Plaintiff has responded to this motion and has, in addition, filed a motion for a temporary restraining

order or preliminary injunction and a motion to disqualify defendant's counsel.

In this 42 U.S.C. § 1983 federal civil rights action, plaintiff Douglas Thompson contends that defendant Judge Anthony Heckemeyer has violated his civil rights by interfering with his right to be free on parole. Plaintiff seeks a declaration that the judge has acted unconstitutionally and an injunction precluding defendant from exercising his influence with the Missouri Board of Probation and Parole. Thompson also requests an award of actual and punitive damages.

Plaintiff's claim concerns actions taken by Judge Heckemeyer within the scope of his duties as a judge. Consequently, defendant can claim the benefit of immunity from plaintiff's claim for damages. *Stump v. Sparkman,* 435 U.S. 349, 364, 98 S.Ct. 1099, 1108, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872); and *Wiggins v. Hess,* 531 F.2d 920, 921 (8th Cir.1976) (per curiam). Defendant has immunity from a suit for damages even if he acted maliciously. *Wiggins,* 531 F.2d at 921.

Plaintiff's request for equitable relief presents a different problem. Thompson seeks a declaration that the state has improperly confined him in the state penitentiary, and an injunction rectifying the situation. Since plaintiff is challenging the fact of his incarceration, he must raise his assertions in a 28 U.S.C. § 2254 application for a writ of habeas corpus. *Franklin v. Webb,* 653 F.2d 362, 364 (8th Cir.1981); and *Seltzer v. Ashcroft,* 675 F.2d 184, 185 (8th Cir.1982) (per curiam), *cert. denied,* 464 U.S. 860, 104 S.Ct. 185, 78 L.Ed.2d 164 (1984).

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss is SUSTAINED.

IT IS FURTHER ORDERED that plaintiff's motion for a temporary restraining order or preliminary injunction and motion to disqualify the Missouri Attorney General's Office are DENIED as moot.