In re Teresa Black WILLIAMS.

Teresa Black WILLIAMS, Plaintiff,

v.

Honorable Chris PIAZZA, 2nd Division, Pulaski County Circuit Court; Larry Vaught, Pulaski County Attorney, Defendants.

Bankruptcy No. 92–41543S.
Adv. No. 92–4092.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

June 26, 1992.

Debtor, pro se.

Larry Vaught, Pulaski County Atty., Little Rock, Ark., for defendants.

A.L. Tenney, Chapter 13 Trustee.

## ORDER DISMISSING COMPLAINT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a *sua sponte* review of the complaint filed in this proceeding. This bankruptcy case was initiated by the filing of a skeletal chapter 13 petition in bankruptcy, on Friday, June 19, 1992, at 4:39 p.m. The debtor files *pro se.*

On Monday, June 22, 1992, this adversary proceeding was filed. The debtor also filed a "Motion for an Order of Release from Incarceration." [1] The motion for release consists of three short paragraphs indicating that the adversary proceeding was filed, that the debtor should be released from jail, and that the Pulaski County Sheriff Carroll Gravett should be ordered to release the debtor from jail. As near as can be ascertained from the bare motion and the adversary proceeding, the debtor was incarcerated on Friday, June 19, 1992, due to her actions related to a criminal matter in which she was the defendant. While the adversary complaint is filed against the Circuit Court Judge and prosecuting attorney, the motion for re-

1. The adversary proceeding was filed at approximately 10:30 a.m.; the motion for release was filed at approximately 1:30 p.m.

lease appears to be directed to the county sheriff.

The adversary complaint alleges that the bankruptcy petition was filed due to her decision "not to accept the terms of a plea bargain deal and request for the appointment of the Public Defender Honorable Judge Chris Piazza created a debt to the Jurors to be paid by plaintiff." From this statement, it is clear that the debtor was a defendant in a criminal proceeding and was fined by the court for contempt of court. It further appears that upon failure to pay the fine, the court ordered her incarceration. The defendant apparently wishes to litigate the propriety of the contempt order in this Court in the adversary proceeding through assertion of a violation of the automatic stay. Specifically, the debtor requests that this Court order damages in the amount of $600 for each day of incarceration.

 While the *pro se* debtor has failed to properly allege jurisdiction or state whether this proceeding is a core proceeding pursuant to Rule 7008, Federal Rules of Bankruptcy Procedure, this Court has an independent duty to ascertain its jurisdiction and determine whether the matter is core or non-core, 28 U.S.C. § 157(b)(3). From the allegations of the complaint, construed so as to do substantial justice, Fed. R.Civ.Proc. 8(f),[2] this matter is filed pursuant to Bankruptcy Code section 362(h) which permits damage actions for wilful violations of the automatic stay. A proceeding under section 362(h) is a proceeding "arising under title 11" and is a core proceeding. 28 U.S.C. § 157. Accordingly, this Court may enter a final order in this action.

 First, the complaint fails to state a cause of action for which relief may be granted. Section 362 imposes a stay of any action to collect a debt after the petition in bankruptcy is filed. 11 U.S.C. § 362(a). One court has held that this includes revocation of probation and subsequent incarceration for failure to pay a criminal fine. *Hucke v. State of Oregon (In re Hucke),* 128 B.R. 675 (D.Ore.1991). However, in this case the incarceration of Williams occurred prior to the filing of the petition in bankruptcy. Since Williams was not a debtor under title 11, there was no automatic stay in place precluding a finding of contempt, imposition of a fine, or incarceration.[3] No stay being in effect at the time of the fine and incarceration, there can be no wilful violation of the stay. Accordingly, the complaint fails to state a claim for which relief may be granted and must be dismissed.

 There is a second reason for dismissal of this complaint. This Court will not permit the debtor to sue judicial personnel or prosecutors in such an action. It is clear from the allegations of the complaint that both the Circuit Court and the county attorney[4] were acting within the bounds of their respective offices. Judicial officers are immune from damage suits such as these. *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Briscoe v. La Hue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Mullen v. Galati,* 843 F.2d 293 (8th Cir.1988) (upholding award of rule 11 sanctions against plaintiffs where judges' actions were "unequivocally judicial in nature."); *Childs v. Reynoldson,* 777 F.2d 1305 (8th Cir.1985); *McCaw v. Winter,* 745 F.2d 533 (8th Cir.1984) (immunity of court clerk); *Smith v. Bacon,* 699 F.2d 434 (8th Cir.1983); *Birch v. Mazander,* 678 F.2d 754 (8th Cir.1982); *Billingsley v. Kyser,* 691 F.2d 388 (8th Cir.1982) (prosecutor immunity); *McClain v. Brown,* 587 F.2d 389 (8th Cir.1978); *Harley v. Oliver,* 539 F.2d 1143 (8th Cir.1976); *Wiggins v. Hess,*

---

**2.** Rule 8, Federal Rules of Civil Procedure, is made applicable to this proceeding pursuant to Rule 7008, Federal Rules of Bankruptcy Procedure.

**3.** The Court assumes, without deciding, that an order of contempt or imposition of a fine occurred. Taking all of the allegations of the complaint as true, the Court assumes that the

imposition of a fine was civil in nature. Of course, if the matter is solely criminal in nature, the stay would have no effect. 11 U.S.C. § 362(b)(1).

**4.** The Court notes that there are no allegations regarding the county attorney. Accordingly, the action also fails to state a claim against the attorney.

531 F.2d 920 (8th Cir.1976); *Gilbert v. Corcoran,* 530 F.2d 820 (8th Cir.1976); *Cook v. Williams,* 651 F.Supp. 350 (E.D.Ark.), *aff'd,* 822 F.2d 1093 (8th Cir.1987); *Clark v. Campbell,* 514 F.Supp. 1300 (W.D.Ark. 1981); *Orlando v. Wizel,* 443 F.Supp. 744 (W.D.Ark.1978).[5] This rule holds true even where the action seeks damages for violation of the automatic stay. *Coates v. Peachtree Apartments (in re Coates),* 108 B.R. 823 (Bankr.M.D.Ga.1989) (court marshal protected by doctrine of judicial immunity from liability for violation of stay).

ORDERED that the Complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

---

**5.** To the extent the debtor may be seeking judgment against these persons in their individual capacities on some tort theory, this Court is without jurisdiction to hear such matters. 28 U.S.C. § 157(b)(5).