**In re George WILLIAMS.**

**George WILLIAMS, Plaintiff,**

v.

**Honorable Rita GRUBER, Pulaski County Chancery Judge, Larry Cross, Pulaski County Chancery Court Law Clerk, Pulaski County Sheriff Randy Johnson, Defendants.**

**Bankruptcy No. 96–40784 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

March 28, 1996.

George Williams, Pro Se.

## ORDER OF DISMISSAL

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a *sua sponte* review of the file. This bankruptcy case was filed on March 1, 1996, by the filing of the voluntary petition to which only Schedule E, Creditors Holding Unsecured Priority Claims was attached. Schedule E reflects that the debtor owes $3,100 in child support arrearages. No other documents were filed with the petition. Although the debtor's complaint asserts that a Chapter 13 plan includes the child support debt, no plan has in fact been timely filed.

This adversary proceeding was filed on March 11, 1996, against a chancery court judge, her law clerk, and the county sheriff. According to the complaint, labeled "Adversary Turnover Complaint," the debtor asserts that the defendants wrongfully incarcerated him for failure to make child support payments. The complaint also appears to assert violations of civil rights and requests *habeas* relief.

While the *pro se* debtor has failed to properly allege jurisdiction or state whether this proceeding is a core proceeding pursuant to Rule 7008, Federal Rules of Bankruptcy Procedure, this Court has an independent duty to ascertain its jurisdiction and determine whether the matter is core or non-core, 28 U.S.C. § 157(b)(3). From the allegations of the complaint, construed so as to do substantial justice, Fed.R.Civ.Proc. 8(f),[1] this matter is filed pursuant to Bankruptcy Code section 362(h) which permits damage actions for wilful violations of the automatic stay. A proceeding under section 362(h) is a proceeding "arising under title 11" and is a core proceeding. 28 U.S.C. § 157. Accordingly, this Court may enter a final order in this action.

This adversary proceeding must be dismissed inasmuch as the debtor asserts a claim against persons immune from suit. This Court will not permit the debtor to sue judicial personnel in such an action. It is clear from the allegations of the complaint that both the Circuit Court and the law clerk[2] were acting within the bounds of their respective offices. Judicial officers are immune from damage suits such as these. *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Briscoe v. La Hue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Mullen v. Galati*, 843 F.2d 293 (8th Cir.1988) (upholding award of rule 11 sanctions against plaintiffs where judges actions were "unequivocally judicial in nature."); *Childs v. Reynoldson*, 777 F.2d 1305 (8th Cir.1985); *McCaw v. Winter*, 745 F.2d 533 (8th Cir.1984) (immunity of court clerk); *Smith v. Bacon*, 699 F.2d 434 (8th Cir.1983); *Birch v. Mazander*, 678 F.2d 754 (8th Cir. 1982); *Billingsley v. Kyser*, 691 F.2d 388 (8th Cir.1982) (prosecutor immunity); *McClain v. Brown*, 587 F.2d 389 (8th Cir.1978); *Harley v. Oliver*, 539 F.2d 1143 (8th Cir.1976); *Wiggins v. Hess*, 531 F.2d 920 (8th Cir.1976); *Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976); *Cook v. Williams*, 651 F.Supp. 350 (E.D.Ark.), *aff'd*, 822 F.2d 1093 (8th Cir. 1987); *Clark v. Campbell*, 514 F.Supp. 1300 (W.D.Ark.1981); *Orlando v. Wizel*, 443 F.Supp. 744 (W.D.Ark.1978).[3] This rule holds true even where the action seeks damages for violation of the automatic stay. *Coates v. Peachtree Apartments (In re Coates)*, 108 B.R. 823 (Bankr.M.D.Ga.1989) (court marshal protected by doctrine of judicial immunity from liability for violation of stay). Accordingly, this adversary complaint will be dismissed.

In addition to asserting a violation of the automatic stay, 11 U.S.C. § 362,[4] the

---

1. Rule 8, Federal Rules of Civil Procedure, is made applicable to this proceeding pursuant to Rule 7008, Federal Rules of Bankruptcy Procedure.

2. The Court notes that there are no allegations regarding the law clerk. Accordingly, the action fails to state a claim against him and is subject to dismissal.

3. To the extent the debtor may be seeking judgment against these persons in their individual capacities on some tort theory, this Court is without jurisdiction to hear such matters. 28 U.S.C. § 157(b)(5).

4. The debtor cites section 922, a provision relating only to municipalities.

debtor appears to claim civil rights violations and seeks, it appears, a writ of *habeas corpus,* neither of which matters this Court has jurisdiction to hear. 28 U.S.C. § 157. Further, under the modern authority for release from incarceration, 28 U.S.C. § 2241, *et seq.,* only the "Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions," have authority to issue a writ of *habeas corpus.* The statute which permitted the bankruptcy court to issue a writ of habeas corpus, 28 U.S.C. § 2256, never took effect.

Inasmuch as the debtor's main bankruptcy case has been dismissed, this adversary proceeding is moot. Moreover, the proceeding is subject to dismissal for lack of subject matter jurisdiction and because the court defendants are immune from suit.

**ORDERED:** that this adversary proceeding is DISMISSED.

**IT IS SO ORDERED.**