**In re Albert Curtis HUTCHINS, Jr.**

**Albert Curtis HUTCHINS, Jr., Plaintiff,**

**v.**

**FORDYCE BANK AND TRUST COMPANY, FBT Bancshares, Inc., Roy McClain and Does 1 throught 10, Defendants.**

**Bankruptcy No. 96–50949 S.**
**Adversary No. 97–5025.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

July 11, 1997.

---

Stephen L. Gershner, Little Rock, AR, for plaintiff.

Janet Pulliam, Little Rock, AR, for defendants.

### ORDER DENYING MOTION
### TO DISMISS

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a document entitled:

> Motion to Dismiss Counts III, IV, and V of the plaintiffs Complaint for Lack of Jurisdiction or in the Alternative a Motion to Refer Counts III, IV, and V Bank to the District Court Pursuant to U.S.C. § 157(B)(1) and/or to Abstain from hearing Counts III, IV, and V Pursuant to 28 U.S.C. § 1334(c)(1) and a Motion to Determine Core Proceedings

filed on May 5, 1997. The debtor filed his Chapter 13 petition in bankruptcy on September 30, 1996, and, after the filing of the case, filed this adversary proceeding in the United States District Court for the Eastern District of Arkansas, alleging six counts. The first count alleges a cause of action for violation of the automatic stay, 11 U.S.C. § 362; the second for discriminating against the debtor for his bankruptcy filing, 11 U.S.C. § 525, the third and fourth counts allege that actions taken by the boards of directors of debtor's employers were invalid; the fifth count alleges that the plaintiff was fired without cause in breach of debtor's employment contract; and the sixth count alleges a civil conspiracy to interfere with plaintiff's contractual rights.

The first two causes of action are clearly over matters over which this Court has not only subject matter jurisdiction, but also the authority to hear and enter final orders. 28 U.S.C. § 157(b). The first two causes of action, filed pursuant to Bankruptcy Code sections 362 and 525, are proceedings arising under the provisions of title 11, *i.e.,* they are causes of action created by title 11. *In re Williams,* 144 B.R. 847 (Bankr.E.D.Ark.1992)(proceeding under § 362(h) a core proceeding). The remainder of the complaint states causes of action that are based upon state law, and, despite the fact that the causes arose post-petition, are non-core matters "related to" the debtor's bankruptcy case. Specifically, these are causes of action which are owned by the debtor which affect the administration of the title 11 case, but which, in the absence of the bankruptcy, could have been brought in the state courts. The bankruptcy court may exercise "related to" jurisdiction in a proceeding, hear the matter, and issue proposed findings of fact and conclusions of law for review by the district court.[1] 28 U.S.C. § 157(c); *In re NWFX, Inc.,* 881 F.2d 530 (8th Cir.1989).

### The Motion to Dismiss

■ The defendants request that this Court dismiss counts III, IV, and V on the basis that, since these causes are solely state law claims, the Court does not have subject matter jurisdiction. This is an incorrect statement of the law. Title 28 expressly grants to this Court jurisdiction to hear matters related to the bankruptcy case. 28 U.S.C. § 157. The fact that the matters are based solely upon state law and could have been brought in state court absent the existence of the bankruptcy case, does not negate the fact that they are "related to" a bankruptcy case. Indeed, title 28 even provides that the mere fact that the resolution of the proceeding "may be affected by State law" cannot be the sole grounds for determining that a matter is non-core. 11 U.S.C. § 157(b)(3). This Court has subject matter jurisdiction over each count in the complaint such that the motion to dismiss must be denied.

### The Request to "Refer Back"

■ Although this adversary proceeding was required to be filed with the clerk of the bankruptcy court, the debtor inexplicably filed the suit with the clerk of the district court. *See* Local Rule F–2(c). Upon a review of the case, the district court entered an order referring the case to the bankruptcy court for adjudication. The defendants assert that the reference by the district court was "improper" such that the matter should be returned to the district court. It is not for this Court to review or reverse any decision of the United States District Court. This matter has been referred, not only by the Local Rules, but by a specific directive of the district court *in this case.* The Court does not return matters to the district court. In the Eastern and Western Districts of Arkansas, matters are transmitted to the district court in very limited circumstances.

(1) If a party is entitled to jury trial and does not consent to such a trial in the bankruptcy court, 28 U.S.C. § 157(e), the matter is transmitted to the district court pursuant to Local Bankruptcy Rule 9015–1(f).

(2) If a matter is non-core, the bankruptcy court issues proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 157(c), and the matter is transmitted to the district court pursuant to Local Rule F–2(II)(b).

(3) A timely appeal of a final order issued by the bankruptcy court is transmitted to the district court pursuant to 11 U.S.C. §§ 157(c), 158, Fed. R. Bankr.Proc. Part VIII and Local Rule F–2(II)(d).

This Court does not have the authority to "return" any matter to the United States district court. Defendants' remedy is to file a motion to withdraw reference pursuant to 28 U.S.C. § 157(d) whereupon the district

---

1. Of course, the parties have the option of consenting to the bankruptcy court entering a final order on these related counts. 28 U.S.C. § 157. Inasmuch as the this Court will enter a final order on Counts I and II of the complaint, such a procedure may conserve the financial resources of the parties without jeopardizing an, right to an appeal before the district court. *Id.*

court determines whether the matter should be heard in the district court.

### The Motion to Abstain

 Under section 1334(c)(1) of title 28, a court may abstain from hearing a proceeding arising under title 11 or arising in or related to a case under title 11 in the interest of justice, or in the interest of comity with state courts or respect for state law. That is, the court determines whether it should exercise jurisdiction or, in the interests of comity and judicial economy, relinquish jurisdiction. Rule 5011(b) of the Federal Rules of Bankruptcy Procedure governs procedure for abstention from hearing a proceeding, and makes it a contested matter to be served on all parties to the proceeding. Motions for abstention are themselves core proceedings. *In re Southmark Storage Associates Ltd. Partnership,* 132 B.R. 231 (Bankr.D.Conn. 1991).

In determining whether such discretionary abstention is appropriate, there are numerous factors courts analyze. *See generally Continental Airlines v. Allen,* 156 B.R. 441 (Bankr.D.Del.1993)(listing factors).

■ Abstention is not warranted in this case. Although the causes of action in Counts III, IV, V are based solely upon state law, the adjudication of these counts will involve the same evidence as the matters alleged in Counts I and II of the complaint, core proceedings over which this Court has the authority and duty to enter a final order. Trying these causes together with the matters that are pending will not be a burden on this Court's docket. Rather, separating these causes by abstaining in some, where no other case is pending in state court, would be a waste of judicial resources of both this and any other court in which the matters might be filed. The issues are not esoteric matters of complex law, but rather are employment contract matters which this court may try and determine. *Cf. In re Cummins,* 1994 Bankr.Lexis 224 & 247 (Bankr.W.D.Ark. Mar. 16, 1994)(Scott, J.), *aff'd,* No. 94–6072, 94–6073 (W.D.Ark. July 31, 1995)(Hendron, J.)(decision on breach of employment contract action). Accordingly, the motion for abstention will be denied.

Based upon the foregoing, it is

**ORDERED** as follows:

1. Counts III, IV, and V of the complaint are determined to be non-core proceedings, related to this bankruptcy case, over which this Court has subject matter jurisdiction.

2. The remainder of the "Motion to Dismiss Counts III, IV, and V of the plaintiff's Complaint for Lack of Jurisdiction or in the Alternative a Motion to Refer Counts III, IV, and V Bank to the District Court Pursuant to U.S.C. § 157(B)(1) and/or to Abstain from hearing Counts III, IV, and V Pursuant to 28 U.S.C. § 1334(c)(1) and a Motion to Determine Core Proceedings" filed on May 5, 1997, is DENIED.

**IT IS SO ORDERED.**