In re VALLEY STEEL PRODUCTS
COMPANY, INC., et al.,
Debtors.

VALLEY STEEL PRODUCTS
COMPANY, INC.,
Plaintiff,

v.

DARCO a/k/a DARCO Supply, Inc., a Texas corporation, Double Check, a Texas company, and Richard R. Gerring, an individual, Defendants.

Bankruptcy No. 92–40778–293.
Adv. No. 92–4333–293.

United States Bankruptcy Court,
E.D. Missouri, E.D.

Nov. 13, 1992.

Peter D. Kerth, David J. Harris, Clayton, Mo., for plaintiff.

Gerald A. Rimmel, Eileen M. Love, Clayton, Mo., for defendants.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri.

### PROCEDURAL BACKGROUND

(1) The Debtor, Valley Steel Products Company, Inc. (Valley), filed its voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code on February 4, 1992.

(2) On August 5, 1992, Debtor filed an Adversary Complaint in five counts alleging that Defendant's actions rendered DARCO, Double Checks and Richard Gerring liable to Valley on theories of:

(a) breach of contract;

(b) breach of bailment;

(c) conversion;

(d) violation of the automatic stay; and

(e) turnover of property of the estate.

(3) Valley's complaint also sought injunctive relief against Defendants DARCO, Double Checks and Richard Gerring.

(4) On July 15, 1992, DARCO filed a proof of claim in Valley's case. Double Checks and Richard Gerring have not filed a proof of claim in Valley's case.

(5) The Defendants filed a Motion to Dismiss for Lack of Jurisdiction and/or Motion to Abstain on August 13, 1992.

(6) September 3, 1992, Defendants filed a Request for a Jury Trial as to all claims alleged in the Adversary Complaint.

(7) Defendant Richard Gerring filed a Separate Motion To Dismiss For Lack of Jurisdiction And For Failure to State A Claim On Which Relief Can Be Granted on October 9, 1992.

(8) Upon request of the Court, both parties submitted briefs addressing the issues raised in the motions to dismiss.

(9) In a conference with the court, the parties agreed that the counts seeking injunctive relief and turnover of the pipe and couplings were moot and will be withdrawn by the plaintiff.

## FACTUAL BACKGROUND

The court does not make any findings of fact in this case but will consider the alleged facts to determine the jurisdictional issues raised by the pleadings. Those alleged facts include the following:

(1) DARCO and Valley entered an agreement (the Agreement) on July 19, 1991 pursuant to which DARCO provided warehouse space and services to Valley.

(2) Valley purchased steel pipe and couplings from USX. Under the Agreement, DARCO received these various and assorted pieces of pipe and couplings and sorted, stored, and reworked them. Later, upon Valley's instruction, the Agreement obligated DARCO to ship the pipe and couplings to Valley's customers.

(3) After consulting its records and performing an inspection of the pipe held at DARCO's facilities, Valley determined that the Defendants "began taking and selling Material (pipe and couplings held pursuant to the agreement) without Val-

ley's authorization in March 1992, and perhaps earlier." [Adv.Complaint p. 3].

(4) Valley sampled only a portion of the inventory of pipe and couplings and determined that approximately $90,000 worth of material was missing. Further, Valley estimated that the Defendants misappropriated an additional $50,000 to $100,000 worth of inventory.

## DISCUSSION

The Defendants have all requested that Valley's causes against them be resolved in jury trials. A party who has filed a proof of claim in a bankruptcy case has subjected itself to the court's equitable powers and is not entitled to a jury trial on any legal claims the debtor might bring against it. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 (n. 14), 109 S.Ct. 2782, 2799 (n. 14), 106 L.Ed.2d 26 (1989). The court holds that DARCO, having filed a proof of claim in Debtor's bankruptcy, is not entitled to a jury trial on any of the counts raised in Valley's Adversary Complaint.

Neither Double Checks nor Richard Gerring has filed a proof of claim in Valley's bankruptcy and the court must examine their requests for jury trials under the Supreme Court's *Granfinanciera* decision. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782 (1989). Under *Granfinanciera*, a court confronted with a party's request for a jury trial must first determine whether the cause involved in the suit would have been raised in a court of law or a court of equity in 1791; because the Seventh Amendment only protects a party's right to a jury trial for those matters which would have arisen in courts of law in 1791. *Id*. 492 U.S. at 40–43, 109 S.Ct. at 2790. The Debtor's counts alleging breach of contract, breach of bailment and conversion are the type of common law causes for which the Seventh Amendment preserves a party's right to a jury trial. 492 U.S. at 40–43, 109 S.Ct. at 2790. The Seventh Amendment entitles Defendants Gerring and Double Checks to jury determinations of these counts.

■ For causes of action seeking to enforce statutory rights analogous to rights which would have been enforced in a court of law in 1791, *Granfinanciera* mandates further inquiry before a court can determine whether a defendant has a right to a jury trial. The second distinction a court must draw when applying *Granfinanciera* to a situation involving statutorily created rights is whether the case involves "private rights" or "public rights"; for the Seventh Amendment does not guaranty a party's right to a jury trial when the rights at issue were created by Congress and are "public" in nature. *Id.* 492 U.S. at 50–52, 109 S.Ct. at 2795. Hence, in cases involving demands for jury trials where congressionally created rights are at issue, the Seventh Amendment problem becomes one of deciding whether a cause seeks to enforce a "private right" or a "public right." *Id.* The Court has not defined "public rights" but has defined "private rights" as "the liability of one individual to another under the law ... in contrast to cases ... aris[ing] between the Government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments." *Id.* 492 U.S. at 51 (n. 8), 109 S.Ct. at 2795 (n. 8) (citing *Crowell v. Benson,* 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932)). The *Granfinanciera* court explained that "the Federal Government need not be a party for a case to revolve around "public rights"." 492 U.S. at 54, 109 S.Ct. at 2797. The key question for a court to ask when the Federal Government is not a party to a case is "whether 'Congress ... [has] create[d] a seemingly private right so closely integrated into a public regulatory scheme as to be a matter appropriate for agency resolution with limited involvement by the·Article III judiciary.'" 492 U.S. at 54–56, 109 S.Ct. at 2797 (citing *Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 586, 105 S.Ct. 3325, 3335–36, 87 L.Ed.2d 409 (1985)). In holding that a fraudulent conveyance action is better characterized as a "private right" than as a "public right", the Court reasoned that "fraudulent conveyance actions ... "constitute no part of

the proceedings in bankruptcy but concern controversies arising out of it" [and] are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy *res.*" 492 U.S. at 56, 109 S.Ct. at 2798. The fourth count of Debtor's petition asserts a cause alleging a breach of the automatic stay. Unlike the fraudulent conveyance actions in *Granfinanciera,* a breach of the automatic stay does not resemble a state-law or common law claim. In fact, the application of the automatic stay to creditors is essential to the functioning of the bankruptcy process. Therefore, the cause Debtor asserts in count four of its Adversary Complaint involves public, not private, rights to which the protections of the Seventh Amendment do not apply. This court would deny all Defendants' motion for a jury trial on count four's alleged violation of the automatic stay.

■ In summary, the court has concluded that the Seventh Amendment entitles Defendants Gerring and Double Checks to a jury trial on all the counts remaining in Debtor's Adversary Complaint, except the count alleging violations of the automatic stay. The court has also held that by filing a claim in Valley's bankruptcy, DARCO has subjected itself to the court's equitable powers and cannot demand a jury trial on any claims Valley has against it. The Eighth Circuit Court of Appeals has held that a bankruptcy court cannot conduct a jury trial. *United Missouri Bank of Kansas City,* 901 F.2d 1449, 1457 (8th Cir.1990). This court, under *United Missouri Bank of Kansas City,* must transfer those matters on which Defendants Gerring and Double Checks are entitled to a jury trial to the District Court for trial.

■ Further, the court finds that the allegations in the fourth count of Debtor's Adversary Complaint are so factually intertwined with the allegations contained in the Adversary Complaint's other counts that holding separate trials for these matters, one in the Bankruptcy Court and one in the

District Court, would waste judicial resources and result in a duplication of effort for the parties. Therefore, the court will also transfer to the District Court for trial, the fourth count of Valley's Adversary Complaint alleging violations of the automatic stay.

The court also recognizes that the Debtor's charges against DARCO involve substantially the same matters of proof as those brought against Mr. Gerring and Double Checks; again, separate trials would result in a waste of judicial resources and duplication of effort by the parties such that judicial economy dictates that the counts against DARCO also be transferred to the District Court for trial.

Defendant Gerring asserts that any acts Valley alleges he did, he did only in his capacity as a corporate employee of DARCO. Because he acted in his corporate capacity, Gerring argues that the Adversary Complaint fails to state a cause of action against him and asks the court to dismiss the Adversary Complaint for failure to state a cause of action against him. Before this court could determine whether Gerring acted in his capacity as an individual or as a corporate employee of DARCO it would have to hold an evidentiary hearing. The facts the parties would prove to resolve the extent, if any, of Mr. Gerring's individual liability would approximate those the parties would prove in the trial on the merits of counts one, two and three. As detailed above, the Seventh Amendment entitles Gerring to a jury determination on the first three counts Debtor has brought against him and requires the transfer of those counts to the District Court. Again, this court recognizes the interests of judicial economy and will deny Mr. Gerring's Motion to Dismiss without prejudice to his reasserting the arguments contained in his motion in the District Court.

Finally, the Defendants collectively filed a Motion challenging this court's jurisdiction on the grounds that Valley's Adversary Complaint involved non-core matters and that because the allegations in that complaint were only matters related to the bankruptcy, this court should abstain from trying them. In light of the fact that the court has transferred this entire adversary proceeding to the District Court, we deny as moot Defendant's Motion to Dismiss For Lack of Jurisdiction and/or Motion to Abstain.

An Order consistent with this Memorandum Opinion will be entered this date.

### ORDER

For the reasons set forth in the Memorandum Opinion filed this date, it is

ORDERED THAT

(1) all remaining counts of this adversary proceeding are transferred to the United States District Court for the Eastern District of Missouri for the purpose of trial as provided in the Memorandum Opinion filed this date;

(2) Defendant Richard A. Gerring's Motion To Dismiss is DENIED without prejudice to his reasserting the arguments contained in his Motion in the District Court; and

(3) Defendants' Motion To Dismiss For Lack of Jurisdiction And/Or Motion To Abstain is DENIED as moot.