**In re Giacomo LIJOI d/b/a Chef Jock, Debtor.**

No. 02–33994.

United States Bankruptcy Court, E.D. Tennessee.

Dec. 13, 2002.

Lewis S. Howard, Jr., Delicia R. Bryant, Howard & Howard, P.C., Knoxville, TN, for Movants.

C. Dan Scott, The Scott Law Group, Sevierville, TN, for Debtor.

John P. Newton, Jr., Knoxville, TN, Chapter 7 Trustee.

*MEMORANDUM ON MOTION FOR DE-
TERMINATION OF DISCHARGEA-
BLE DEBT AND RELIEF FROM
THE AUTOMATIC STAY*

RICHARD S. STAIR, Jr., Bankruptcy
Judge.

This matter is before the court on a
Motion for Determination of Dischargeable
Debt and Relief from the Automatic Stay
(Motion) filed by Manuel Canari, Betsy
Canari, William W. Owens, Douglas W.
Owens, Marlene J. Owens, and John T.
Owens (collectively, the Movants) on No-
vember 12, 2002. By this Motion, the
Movants request relief from the automatic
stay to proceed against the Debtor in a
pending state court action and a determi-
nation that any resulting judgment is non-
dischargeable.

This is a core proceeding. 28 U.S.C.A.
§ 157(b)(2)(A), (G), (I), and (O) (West
1993).

I

The Debtor filed a Voluntary Petition
under Chapter 7 on August 1, 2002. The
meeting of creditors pursuant to 11
U.S.C.A. § 341(a) (West 1993) was sched-
uled for September 10, 2002, and the dead-
line to file a complaint objecting to dis-
charge of the debtor or to determine the
dischargeability of certain debts was fixed
at November 12, 2002. *See* Rules 4004(a)
and 4004(c) of the Federal Rules of Bank-
ruptcy Procedure.[1]

The Movants allege in their Motion that
they were not notified of the Debtor's
bankruptcy filing and that they filed suit
against him and others in the Chancery
Court for Knox County, Tennessee, on Au-
gust 15, 2002 (the State Lawsuit). The
Movants did not attach a copy of the State
Lawsuit to their Motion, but instead,
merely referenced that a copy of the Com-
plaint was appended to their Proof of
Claim, also filed on November 12, 2002.[2]
Regarding the relief sought in the bank-
ruptcy court, the Motion states as follows:

6. Based on the averments contained
in the Complaint [filed in the State Law-
suit] and 11 U.S.C.A. § 523(a)(2) and (4),
Debtor has incurred liability that should
not be avoided by the filing of bankrupt-
cy after the debt was incurred and the
fraudulent acts committed and misrepre-
sentations made.

7. Petitioners should also be granted
relief from the stay to proceed with the
determination as to the amount of liabili-
ty of Debtor so that any judgment, non-
dischargeable or not, may be included in
any plan of liquidation of assets forth-
coming.

WHEREFORE, Petitioners pray that
this Court will order the debt nondis-
chargeable and require Debtor to defend
the pending action in Knox County
Chancery Court, or alternatively grant
them relief from the automatic stay to
proceed with the litigation that has been
pending against Debtor in Knox County

---

1. Rule 4004(a) provides that "a complaint
objecting to the debtor's discharge under
§ 727(a) of the Code shall be filed no later
than 60 days after the first date set for the
meeting of creditors under § 341(a)." Rule
4007(c) provides that "[a] complaint to deter-
mine the dischargeability of a debt under
§ 523(c) shall be filed no later than 60 days
after the first date set for the meeting of
creditors under § 341(a)."

2. In the State Lawsuit, the Movants allege
that the Debtor, along with other defendants,
fraudulently misrepresented a business plan
for Chef Jock's Entertainment Properties,
Inc., a Tennessee corporation for which the
Debtor is a member of the Board of Directors
and registered agent, and that based upon
these misrepresentations, the Movants pur-
chased stock in the corporation. They seek
rescission of their stock acquisitions and a
refund of the $60,000.00 paid for the stock.

Chancery Court[,] to determine the amount of debt to be included in any liquidation of assets.

The court, sua sponte, entered an Order on November 15, 2002, directing, *inter alia*, that the Movants appear on December 5, 2002, to show cause why the Motion, to the extent a determination of the dischargeability of a debt was requested, should not be denied because the action was not commenced in accordance with the Federal Rules of Bankruptcy Procedure. Additionally, the Debtor filed a Response to Motion for Determination of Dischargeable Debt and Relief from Automatic Stay on November 22, 2002, raising the same procedural issue regarding the dischargeability request set forth in the Motion.

A hearing was held on December 5, 2002, at which time the Movants' attorney acknowledged that she did not comply with the procedures set forth in the Federal Rules of Bankruptcy Procedure for seeking of a determination of the dischargeability of a debt. Additionally, she agreed that the dischargeability aspect of the Motion should be denied. The court nonetheless deems it appropriate to address the procedural problem presented by the Motion.

## II

Dischargeability of debts is governed by 11 U.S.C.A. § 523 (West 1993 & Supp. 2002), which provides in material part:

(a) A discharge under section 727,[3] ... of this title does not discharge an individual debtor from any debt—

. . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; or

(C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor ...

. . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

. . . .

(c)(1) Except as provided ..., the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), ... of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), ..., as the case may be, of subsection (a) of this section.

11 U.S.C.A. § 523.

Actions to determine the dischargeability of a debt are also governed by Federal Rule of Bankruptcy Procedure 4007, which provides as follows:

**(a) Persons entitled to file complaint.** A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt.

---

**3.** 11 U.S.C.A. § 727 (West 1993) provides for a discharge of all debts of a Chapter 7 debtor arising prepetition. Section 727(b), however, limits the discharge to those debts "[e]xcept as provided in section 523 of this title ...." 11 U.S.C.A. § 727(b).

**(b) Time for commencing proceeding other than under § 523(c) of the Code.** A complaint other than under § 523(c) may be filed at any time. . . .

**(c) Time for filing complaint under § 523(c) in a chapter 7 liquidation, . . .; notice of time fixed.** A complaint to determine the dischargeability of a debt under § 523(c) . . . . [4]

. . . .

**(e) Applicability of rules in Part VII.** A proceeding commenced by a complaint filed under this rule is governed by Part VII of these rules.

FED. R. BANKR. P. 4007.

Part VII of the Federal Rules of Bankruptcy Procedure is entitled "ADVERSARY PROCEEDINGS." Pursuant to Rule 7001(6), "[a]n adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings: . . . (6) a proceeding to determine the dischargeability of a debt; . . . ." FED. R. BANKR. P. 7001(6). Additionally, Rule 7003 is entitled "Commencement of Adversary Proceeding" and states that "Rule 3 [of the Federal Rules of Civil Procedure] applies in adversary proceedings." FED. R. BANKR. P. 7003. Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3.

## III

Correspondingly, pursuant to Rules 4007, 7001, and 7003, the only procedure for requesting a determination of whether or not a specific debt is dischargeable is by filing an adversary proceeding. FED. R. BANKR. P. 4007; FED. R. BANKR. P. 7001; FED. R. BANKR. P. 7003; *see also* FED. R. BANKR. P. 4007 advisory committee note ("The complaint required by this subdivision should be filed in the court in which the case is pending . . . ."); 4 COLLIER ON BANKRUPTCY ¶ 523.04 (Lawrence P. King ed., 15th ed. rev. 2002) ("[A]n action [to determine dischargeability of a debt] is an adversary proceeding that must be initiated by the filing of a complaint."). In addition, the action must be served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure, which also incorporates portions of Federal Rule of Civil Procedure 4. *See* FED. R. BANKR. P. 7004.[5] Accordingly, creditors may not seek a determination of a debt's dischargeability by filing a motion. *See e.g., In re Purina Mills, Inc.,* No. 99–3938–SLR, 2002 Bankr.LEXIS 55, at *3, 2002 WL 125677, at *1 (Bankr.D.Del. Jan.28, 2002); *In re A.H. Robins Co., Inc.,* 251 B.R. 312, 319 n. 4 (Bankr.E.D.Va.2000); *Ung v. Boni (In re Boni),* 240 B.R. 381, 385 (9th Cir. BAP 1999); *In re Garfield,* No. 83C–03017, 1984 Bankr.LEXIS 4475, at *4–*5 (Bankr.D.Utah Dec. 8, 1984).[6]

**4.** *See supra* n. 1.

**5.** Rule 7004(b) provides for service by first class mail and directs at subparagraph (9) that service on the debtor must be accomplished "by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or statement of affairs . . . and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address." FED. R. BANKR. P. 7004(b)(9). Pursuant to Federal Rule of Bankruptcy Procedure 9014, the service requirements of Rule 7004(b) are applicable to contested matters, such as a motion for relief

from the automatic stay. *See* FED. R. BANKR. P. 4001(a). Here, service of the Motion was defective because the Certificate of Service appended to the Motion evidences that Movants' counsel only served the Debtor's attorney and not the Debtor. This defect was waived by the Debtor by the filing of his Response.

**6.** Parties seeking a determination of dischargeability of a debt are also required to pay a $150.00 filing fee. *See* 28 U.S.C.A. § 1914(a), (b) (West 1994 & Supp.2002); 11 U.S.C.A. § 1930(b) (West 1994). Additionally, an adversary cover sheet and summons

■ Moreover, even if the court could consider the Movants' Motion procedurally, it lacks the requirements necessary to sustain a complaint to determine dischargeability under § 523. First, the Motion does not contain "a statement that the proceeding is core or non-core …" as required by Federal Rule of Bankruptcy Procedure 7008(a). Second, even though the Motion references a reliance upon 11 U.S.C.A. § 523(a)(2) and (4) for the relief sought, the Movants do not specify which subsections allegedly apply, nor do they include facts to support this reliance.[7] The Movants refer to the Complaint filed in the State Lawsuit; however, they do not attach a copy of this Complaint to the Motion itself. Instead, they merely reference that it has been attached to their Proof of Claim, which is not a pleading. *See* FED. R. BANKR. P. 3001(a), (b) ("A proof of claim is a written statement setting forth a creditor's claim … [that] shall be executed by the creditor or the creditor's authorized agent …."); FED. R. BANKR. P. 7007 (incorporating FED. R. CIV. P. 7, which identifies the complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, and answer to a third-party complaint as the only pleadings allowed in an adversary proceeding).

Finally, the Motion recites generally that Movants "alleged fraud and misrepresentation by Debtor" in the State Lawsuit. Federal Rule of Civil Procedure 9, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7009, requires that "[i]n all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity." The Motion contains no averments to support the Movants' general allegation of "fraud and misrepresentation."

In summary, the Motion is not only procedurally deficient, it is also substantively deficient in that it contains few, if any, of the elements that would allow the court to direct that it be treated as a complaint, notwithstanding that it was filed in the Debtor's case as a motion.

**IV**

■ The Movants also request relief from the automatic stay to prosecute the State Lawsuit to judgment against the Debtor. In what is thus far a no-asset case,[8] the court does not find that "cause" exists to modify the stay to allow the State Lawsuit to go forward against the Debtor. 11 U.S.C.A. § 362(d)(1) (West 1993). The Movants have filed their Proof of Claim. If assets become available, and the Trustee should object to that claim, its allowability can be determined by the court in accordance with the claims resolution process. To force the Debtor to now go into state court to defend an action that may result in a judgment in the Movants' favor that is collectible only on a pro rata basis from assets that may or may not be recovered by the Trustee seems to the court to be contrary to the fresh start provisions of the Bankruptcy Code.

---

must accompany the complaint. *See* E.D. Tenn. LBR 7003–1 and 7004–2.

7. For example, for nondischargeability under § 523(a)(2)(A), a creditor must prove different elements than for nondischargeability under § 523(a)(2)(B). The Motion does not contain any information which would allow the court to even determine under which section the Movants are proceeding.

8. The Trustee stated at the December 5, 2002 hearing on the Motion that he anticipates the receipt of an undetermined amount of funds from the liquidation of a $17,000.00 promissory note and from a personal injury products liability case.

More importantly, the state court action filed by the Movants was commenced in violation of the automatic stay, as it was filed on August 15, 2002, fourteen days after the Debtor filed the Voluntary Petition commencing his Chapter 7 case. Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay ... of the *commencement* or continuation ... of a judicial ... action or proceeding against the debtor that was or could have been commenced" before the Debtor filed for bankruptcy. 11 U.S.C.A. § 362(a)(1) (West 1993) (emphasis added).

The Sixth Circuit has held that such "actions taken in violation of the [automatic] stay are invalid and voidable and shall be voided absent limited equitable circumstances." *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 911 (6th Cir.1993). As to what constitutes "equitable circumstances," the court stated:

> We suggest that only where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result, will the protections of section 362(a) be unavailable to the debtor.

*Id.*

In their Motion, the Movants aver that they were not listed by the Debtor in the schedules accompanying his bankruptcy petition and they, therefore, had no notice of the bankruptcy case. However, this is not one of those "limited equitable circumstances" where the Debtor should not be allowed to avail himself of the automatic stay because of prejudice to the Movants. The Movants had actual notice of the commencement of the Debtor's bankruptcy case, as is established by their filing of a Proof of Claim and the Motion prior to the expiration of the date for filing a complaint to determine dischargeability of a debt.[9] That they did not do so is no fault of the Debtor's.

For the above reasons, an order denying the Motion will be entered.

---

9. The Motion was filed on the last day for filing such complaints, November 12, 2002. No extension of this date was requested as is permitted under Federal Rule of Bankruptcy Procedure 4007(c) ("On motion of a party in interest ... the court may for cause shown extend the time fixed under this subdivision. The motion shall be filed before the time has expired.").